IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WELCH RACING LLC, and BRENDAN WELCH, | |
| Plaintiffs, | 4:23CV3148 |
| vs. | |
| LYLE BARNETT, DAVID WRIGHT, COURTNEY ENDERS, and JAMIE HESTER, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiffs Brendan Welch ("Welch"), a non-prisoner, and Welch Racing LLC ("WR"), filed a pro se Complaint on August 14, 2023, Filing No. 1, brought pursuant to 42 U.S.C. § 1983, a letter the Court construes as a supplement to the Complaint, Filing No. 8, and a motion to proceed in forma pauperis ("IFP"), Filing No. 2.

Plaintiff's motion to proceed IFP shall be granted. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2), and for the reasons set forth below, determines that it is. As the Court shall dismiss this action both the motion titled "grant request for fee waiver grant cease desist orders" which this Court construes as a motion for summons, Filing No. 3, and a motion to appoint counsel, Filing No. 4, shall not be addressed.

### I. IFP

Welch filed a motion to proceed IFP, alleging he has $35 in his bank account and currently has no income. Filing No. 2 at 2. Upon review of Welch's Motion, the Court finds that he is financially eligible to proceed in forma pauperis.

### II. INITIAL REVIEW

**A. Summary of Complaint**

Viewing the Complaint herein in the light most favorable to the Plaintiffs, the Court has determined that the claims raised therein cannot proceed. The complaint is construed to allege claims of false light, invasion of privacy, misappropriation, infringement, unauthorized use of name and likeness, right to publicity, violations of Article 1, 3, 5, 6, 8, 12, and 13 of "Human Rights," intentional infliction of emotional distress, and federal criminal statutory violations of 18 U.S.C. §§ 241 and 242, against Defendants Lyle Barnett, Courtney Enders, David Wright, and Jamie Hester. Filing No. 1 at 1–3. Plaintiffs allege defendants Wright, Enders, Barnett, and "accomplices" conspired against "me and my rights," degrading and discrediting them via Facebook and the "Shake and Bake Show" on August 4 and August 8 at 7:30 p.m., "saying things online that the Judge and I never did or said."[1] Id. at 4. As relief, Welch and WR seek $150,000 in damages, an order requiring defendants to apologize and revoke and withdraw all slanderous statements, including written and video. Id. at 5.

---

[1] Plaintiffs also claim defendant Barnett "lied . . . stating the Judge laughed at [Welch], when he did not." Filing No. 1 at 4. While it appears that Plaintiffs' claims may stem from a separate court matter and online discussions of those proceedings, however, Plaintiffs do not provide any detail about the court proceedings, what they were the subject of, and what was allegedly said, by whom, and instead simply conclude undescribed statements constitute harassment and other crimes.

2

**B. Applicable Legal Standards on Initial Review**

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569–70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.' " Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999) ). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

**C. Discussion of Claims**

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal

jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

Plaintiff has filed this action pursuant to 42 U.S.C. § 1983, which falls under the Court's federal question jurisdiction. *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (a claim "under § 1983 arises under federal law and will support federal-question jurisdiction' pursuant to 28 U.S.C. § 1331."). To state a § 1983 cause of action, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Plaintiff does not, however, allege that any defendant is a state actor or that their conduct is attributable to the state. *See* Filing No. 1 at 3 (declining to check box that defendants are either federal or state or local officials); *see also West*, 487 U.S. at 49 ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' "); *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983."). As Plaintiff has failed to state a claim under 42 U.S.C. § 1983, consequently, there is no discernible "federal question" alleged in the Complaint and therefore no jurisdictional basis for this Court to proceed.

Moreover, while a Court may, on its own motion, allow a complaint to be amended to cure certain defects, it appears that the allegations in the Complaint overlap with claims

arising from the same series of transactions or occurrences set forth in a diversity/federal question action pending before this Court, filed by the same plaintiffs against the same defendants. *See Welch v. Wright, et. al.*, Case No. 4:23-CV-3128, Filing No. 1. As such, to the extent Plaintiffs wish to proceed with any claims alleged here, they should amend their complaint in Case No. 4:23-CV-3128, to add those claims.

IT IS THEREFORE ORDERED that:

1. The motion to proceed IFP, Filing No. 2 is granted. The Complaint shall be filed without payment of fees.

2. The Complaint, Filing No.1 is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

3. Plaintiffs' other pending motions, Filing No. 3; Filing No. 4, are denied as moot.

4. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 1st day of September, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court